<hr/>

CASE No. 1145.

DUREN v. STRAIT.

1. In action against an executor upon an implied contract of the testator to pay for timber trees of the plaintiff cut and removed by the deceased, it is not essential to a recovery that plaintiff should prove *title to the land* from which the trees were cut; but the Circuit judge erred in instructing the jury that mere proof of plaintiff's *possession* of the land would entitle him to recover the value of the trees, unless the defendant showed a better right. The real issue involved was the ownership of the trees.

2. In such action, a plat found among the records of a prior cause between this plaintiff's father as defendant, (then holding in right of his son, a minor,) and another party as plaintiff, involving the title to the land from which the trees were cut, was competent evidence to show the extent of this plaintiff's claim under color of title.

<hr/>

Before FRASER, J., Lancaster, February, 1881.

Action by Thomas R. Duren against S. L. Strait, as executor of John Sinclair, deceased, begun in 1876 and revived in 1878. The opinion states the case.

*Mr. Ernest Moore,* for appellant.

*Mr. R. E. Allison,* contra.

2E

February 27th, 1882.   The opinion of the court was delivered by

McIVER, A. J.    This action was originally commenced against John Sinclair to recover damages for trespass upon land claimed as the property of the plaintiff.  Sinclair having died pending the action, the plaintiff obtained an order to continue the action against the present defendant as the duly qualified executor of the last will and testament of the original defendant, John Sinclair.  The executor demurred and his demurrer was sustained, but leave was granted to plaintiff to amend his complaint so as to convert the action into an action to recover the value of certain timber trees alleged to have been taken from said land by Sinclair in his life-time and converted to his own use.

It will be at once perceived that the present action differs very materially from the one originally instituted.   The original action was in substance nothing more than the old action of trespass *quare clausum fregit,* the object of which was to recover damages for an injury done to plaintiff's *possession,* and, therefore, the *title* to the property damaged was not necessarily put in issue.   Hence, to maintain that action it was only necessary for the plaintiff to prove his possession and the trespass upon such possession, and unless the defendant, by the plea of *liberum tenementum,* put the title in issue, it would be unnecessary for the plaintiff to prove any title in himself.   This being an action of tort, did not survive, and, therefore, upon the death of Sinclair the plaintiff's right of action of this character was gone, and his only remedy was that pursued by his amended complaint— to waive the tort and sue for the value of the property taken upon an implied assumpsit.   To maintain this kind of action it was necessary for the plaintiff to allege and prove ownership of the timber trees; and this might have been done by showing title to the land from which the trees were cut, or by showing ownership of them in some other way, or such a possession of them as would invest him with the character of temporary owner; but mere proof of possession of the land from which the trees were cut would not entitle him to recover their value in an action *ex contractu.*

The plaintiff having obtained a verdict, the defendant moved

for a new trial, which was refused, and from the judgment entered on the verdict the defendant appeals on several grounds.

The first position taken by the appellant is that the Circuit judge erred in refusing to charge the jury "that, in an action of this kind, under the pleadings, the plaintiff, in order to recover, must show actual paper title to the land from which the timber was taken or possession for the statutory period, with color of title, embracing the same," and on the contrary instructing the jury "that actual possession of said land, or constructive possession under color of title, for less than the statutory period is sufficient to enable the plaintiff to sustain the action in its present amended form, unless the defendant has shown title or possession by himself, or title by some one under whom he claims." We cannot say that there was any error in refusing to charge as requested, inasmuch as it may be that, though the plaintiff should fail to establish his title to the land either by adverse possession for the statutory period, or by regular paper title, yet if he had shown his ownership of the trees, acquired after they were severed from the freehold, or such a possession *of them* as would invest him with the character of temporary owner, he would be entitled to recover.

But we think there was error in instructing the jury that mere proof of possession *of the land* from which the trees were taken would be sufficient to entitle the plaintiff to recover the value of the trees in an action of the character of the one now under consideration, unless the defendant showed title to or possession of the land in himself, or title in some one under whom he claims. Such a proposition seems to us to ignore the distinction, hereinbefore pointed out, between the action of tort to recover damages done to the *possession* of land, and the action *ex contractu* to recover the value of the trees as personal property. To illustrate this distinction more broadly: Suppose the plaintiff had actual possession of the land, and the timber trees in question had been cut on the land and carried off by A., and afterwards taken possession of by B., and converted to his own use. Now the plaintiff could maintain an action of tort against A. for a trespass upon land in his possession, upon mere proof of his possession, unless A. could show title to the land in himself or in some one

under whom he was acting. But such an action could not be maintained against B., who never committed any trespass on the land, and plaintiff's only remedy against B. would be an action to recover the value of the trees which he had converted to his own use; and to maintain such an action it would be necessary for him to allege and prove his ownership of the property whose value he was seeking to recover. Mere proof of possession of the land from which the trees were originally taken would not be sufficient, unless such possession was of such a character and sufficiently long to give him a statutory title to the land.

So, here, the right to sue for the trespass committed on the land by Sinclair having been lost by the death of Sinclair, the plaintiff can only sue for the value of what he alleges is his property which had been taken from him, and to recover in such an action he must prove his ownership of the property taken, and this he may do either by showing a *title* to the land from which the trees were cut, or that he acquired the ownership of the trees after they were converted into personal property by being severed from the freehold, either by such a possession of them as invested him with the character of owner, or in some other way; but mere proof of *possession* of the land will not be sufficient.

The next position taken by the appellant is that the Circuit judge erred in instructing the jury that the plat made and used on the trial of the case of *J. R. Massey et al.* v. *Wylie R. Duren et al.*, dated September 20th, 1869, could avail the plaintiff as color of title, though it remained among the records of the court and was not in the possession of the plaintiff. It seems that some years before this action was commenced Massey and others brought an action against Wylie R. Duren to recover possession of a tract of land which was claimed by Wylie R. Duren as the property of his son, then a minor, the present plaintiff. For the purposes of that trial a plat was made by the surveyors appointed under the order of the court showing Duren's claim, which covered the land from which the timber trees sued for in this case were cut. That case resulted in a verdict for the defendant, and the plat used on the trial, as is usually the case, was left in the record of that cause.

We are unable to see any reason why the plaintiff could not rely upon this plat as color of title. The fact that it was not in the possession of the plaintiff but remained in the record of the above-mentioned cause cannot make any difference. That would seem to be the appropriate place for it, and it certainly furnished evidence of the extent of plaintiff's claim. In *Simmons* v. *Parsons*, 2 *Hill* 492, color of title is defined to be "anything which shows the extent of the occupant's claim." It certainly was competent evidence to go to the jury to show that the plaintiff, or those then acting for him, when that plat was made, claimed the land embraced within the lines of that plat, and that clearly would avail the plaintiff as color of title. See *Slice* v. *Derrick*, 2 *Rich.* 629.

The last position taken by the appellant is based upon the ground that the Circuit judge erred in refusing the motion for a new trial, "there being no evidence that the plaintiff had title to the timber or was in actual or constructive possession of the land from which it was taken." There certainly was some evidence on both of these points, and, therefore, this ground need not be considered further.

The judgment of this court is that the judgment of the Circuit Court be reversed and that the case be remanded to that court for a new trial.

SIMPSON, C. J., and McGOWAN, A. J., concurred.